1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9  POTTS FAMILY MOTORS
   INCORPORATED,

10                                                No. C15-5547 RBL-KLS

11                          Plaintiff,           **REPORT AND RECOMMENDATION**
       v.                                        **Noted For: October 23, 2015**
12
13  THE CITY OF LONGVIEW, THE CITY OF
    LONGVIEW POLICE DEPARTMENT,
    SGT. MARC LANGLOIS,
14
                            Defendants.
15

16        Sidney A. Potts, currently incarcerated at the Washington State Penitentiary, sought leave

17  to proceed *in forma pauperis* (IFP) and to file a civil rights complaint on behalf of a private

18  entity, Potts Family Motor Incorporated, against the City of Longview, its police department, and

19  Sgt. Marc Langlois.  Mr. Potts claims that the Sgt. Langlois violated due process in a state court

20  civil forfeiture hearing involving the forfeiture of $50,000.00 cash, 9 vehicles, and assorted tools.

21  Mr. Potts states that he appealed the finding, the finding was initially upheld, but was then

22  reversed and remanded for further proceedings by the Washington Court of Appeals on July 14,

23
24  2015.  Dkt. 1-1.

25        The Court declined to serve the complaint because Mr. Potts has failed to state a claim

26  for relief under 42 U.S.C. § 1983.  However, Mr. Potts was given an opportunity to show cause

REPORT AND RECOMMENDATION - 1

1  why his complaint and IFP application should not be dismissed or to file an amended complaint

2  to cure, if possible, the deficiencies noted in the Court's Order dated September 8, 2015. Dkt. 6.

3  **DISCUSSION**

4  Mr. Potts purports to sue on behalf of his private company, Potts Family Motors

5  Incorporated, in an on-going state forfeiture proceeding. Mr. Potts brings this action under 42

6  U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct

7  complained of was committed by a person acting under color of state law and (ii) the conduct

8  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

9  United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels*

10  *v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged

11  wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th

12  Cir. 1985).

13  Mr. Potts' complaint fails to state a cognizable claim under § 1983. First, although a

14  non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him.

15  *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966). He has no authority to appear as an

16  attorney for other individuals or corporations. *Russell v. United States*, 308 F.2d 78, 79 (9th

17  Cir.1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C.Cir.1953), cert. denied, 347 U.S. 944, 74

18  S.Ct. 640, 98 L.Ed. 1092 (1954). Here, Mr. Potts attempts to bring a 28 U.S.C. Section 1983

19  prisoner civil rights claim on behalf of a private corporation in a state forfeiture proceeding. Mr.

20  Potts acknowledges that his complaint does not concern his confinement or conditions of his

21  confinement. Dkt. 1-1, p. 2.

22  Second, Mr. Potts is challenging an ongoing state forfeiture hearing. Federal courts will

23  not intervene in a pending state court proceeding absent extraordinary circumstances where the

REPORT AND RECOMMENDATION - 2

1
2
3
4
5
6
7
8
9
10
11

danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971).   The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue.  *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).  "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved.  The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature...."  *Middlesex County Ethics Comm. v. Garden State Bar Assoc*., 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982) (internal citations omitted).

12
13
14
15
16
17
18

All of the *Younger* criteria are satisfied here.  To the court's knowledge the forfeiture proceedings are still pending, the ongoing proceedings implicate important state and local civil forfeiture laws, there is nothing to indicate that Mr. Potts cannot raise in his ongoing state case the same claims he raises here or that there is a danger of great and immediate irreparable harm.  Therefore, it appears that this action would unduly interfere with the state proceeding in a way *Younger* disapproves.

19

**CONCLUSION**

20
21
22
23
24

Based on the foregoing, the undersigned recommends that Mr. Potts' application to proceed *in forma pauperis* (Dkt. 1) be **denied;** his complaint **dismissed without prejudice** on the grounds that it fails to state a claim upon which relief may be granted; and the **dismissal counted as a strike under 28 U.S.C. § 1915(g).**

25
26

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 3

objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those

objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on

**October 23, 2015,** as noted in the caption.

        **DATED** this 7th day of October, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4